UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Eric Wellman, | : Case No. 1:08-cv-102 |
| Petitioner, | : |
| vs. | : |
| Hamilton County Municipal Court, | : |
| Respondent. | : |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

On August 29, 2009, United States Magistrate Judge Timothy S. Black issued a Report and Recommendation in this habeas corpus proceeding under 28 U.S.C. 2254. The Magistrate Judge's thorough report recommends that the petition be denied with prejudice, because Petitioner has not established a right to relief under any of the grounds he advances. Petitioner has filed timely Objections to the Report and Recommendation. (Doc. 15)

Petitioner Wellman was found guilty by a jury of violating Ohio Rev. Code 2921.31, obstruction of official business. On December 4, 2005, Wellman was arrested in a bar in the early morning hours during an encounter with Sgt. McCurley, a Cincinnati police officer, and Officer Robert Boldin, an enforcement agent for the Ohio Department of Public Safety. The officers entered the bar to investigate alleged liquor license violations. The officers testified at trial that Wellman repeatedly interrupted them while they were talking to the bar

manager, and that Wellman ignored their instructions to step away. Wellman then identified himself as the "owner" of the club, and the officers asked him to produce the club's liquor permit and his identification (as they were permitted to do of a bar owner under Ohio law). Wellman refused, using profanity, and told them he was going to leave. They ordered him to stay, and while Wellman initially complied, he again said he was going to leave and refused to produce any information. Wellman was arrested, and the officers continued their investigation by speaking with another individual who had come forward and who turned out to be the true owner and operator of the bar. Wellman was a minority shareholder in the company that owned the business.

Wellman appealed his conviction, which the Ohio Court of Appeals affirmed. The Ohio Supreme Court rejected his appeal for want of a substantial constitutional question.

Wellman first objects to the Magistrate Judge's acceptance of the facts as stated in the opinion of the Ohio Court of Appeals. He argues this is impermissible, because he was found guilty based on faulty jury instructions. His arguments concerning the jury instructions are raised in his third and fourth grounds for relief. Wellman does not identify any factual finding made by the Court of Appeals that is incorrect, or that is not supported by the transcript of the trial. Wellman's

conclusory argument in support of his first objection is insufficient to establish a right to relief.

Wellman's second objection is to the Magistrate Judge's conclusion that the trial court's failure to completely and fairly instruct the jury on the "affirmative act" requirement is not a sufficient ground for habeas relief.  As the Ohio Court of Appeals found in this case, in order to be convicted of the offense of obstruction of official business, a defendant must have committed an ". . . affirmative act.  A person cannot be guilty of obstructing official business by doing nothing or failing to act."  (Doc. 13, Exhibit C, p. 4) Wellman tendered proposed jury instructions on the "affirmative act" requirement, which generally stated that a person does not act affirmatively when the person fails to act, or refuses to produce identification upon a police officer's request.[1]  The trial court did not instruct the jury as Wellman requested.

As the Magistrate Judge observed, it is clear that errors in jury instructions given in a state criminal trial are not cognizable in habeas corpus proceedings, unless a petitioner establishes that the erroneous instructions deprived him of due process or resulted in a fundamentally unfair trial.  See Estelle v. McGuire, 502 U.S. 62, 72 (1991): "It must be established not

---

[1] The actual tendered instructions are not in the record before this Court, but they are excerpted in the Ohio Court of Appeals decision.  See Doc. 13, Exhibit C at p. 9.

merely that the instruction is undesirable, erroneous, or even 'universally condemned,' but that it violated some [constitutional] right." (internal citations omitted) To the extent that Wellman is claiming error in the jury instructions under Ohio law, that claim is not cognizable here and is denied.

Wellman argues that, like "Joseph K. in [Kafka's] *The Trial*, Petitioner still wonders what he was charged with, and for what act or acts he stands convicted." (Doc. 15, p. 3) Treating this as a due process challenge, the Court has reviewed the substantive jury instructions given to the jury in Wellman's trial. The trial court instructed the jury as follows:

> Before you can find the defendant guilty, you must find beyond a reasonable doubt that on or about the 4th day of December, 2005, in Hamilton County, Ohio, the defendant, without privilege to do so and with purpose to obstruct the performance by a public official of any authorized act within his official capacity did an act that hampered Sargeant B. McCurley in the performance of his lawful duties.
>
> There must be some substantial stoppage of the officer's progress before one can say he was hampered or impeded. ...
>
> Purpose to obstructing is an essential element of the crime of obstructing official business. [sic]
>
> A person act[s] purposely when it is his specific intention to cause a certain result. It must be established in this case that at the time in question there was present in the mind of the defendant a specific intention to obstruct official business.
>
> When the gist of the offense is a prohibition against the conduct of a certain nature, a person acts purposely if his specific intention was to engage in conduct of that nature, regardless of what he may have

-4-

intended to accomplish by his conduct.

    Purpose is a decision of the mind to do an act with a conscious objective of engaging in specific conduct. To do an act purposely is to do it intentionally and not accidentally. Purpose and intent mean [the] same thing. The purpose with which a person does an act is known only to himself, unless he expresses it to others or indicates it by his conduct.

    The purpose with which a person does an act is determined from the manner in which it is done, the means used and all the other facts and circumstances in evidence.

(Doc. 13, Exhibit 2, pp. 164-166)

This Court must reject Wellman's due process claim. The instructions actually given make it clear that "an act" by Wellman was required in order to convict. Wellman argued at trial, at the Court of Appeals, and in his petition here that he was unconstitutionally convicted for a failure to show his identification to the officer. The trial testimony of the officers established that far more occurred that night than a "simple" refusal to produce identification. The jury was instructed that the "purpose" with which Wellman acted must be determined from all the other facts and circumstances in the evidence. The Court has reviewed the trial transcript, and cannot find that the trial court's refusal to instruct the jury that it must find an "affirmative" act resulted in a fundamentally unfair trial, nor in a denial of Wellman's due process rights.

Wellman's third objection is to the Magistrate Judge's

conclusion with respect to the issue of "substantial stoppage." Wellman contends that the trial court erred in permitting the jury to consider the time after Wellman's arrest by the police officer as part of the "substantial stoppage" that the state must prove in order to convict him. The trial court did not specifically instruct the jury on the meaning of "substantial stoppage."

During the redirect testimony of Sgt. McCurley, the state asked what happened after Wellman was arrested. Wellman objected and the trial court overruled the objection, stating that the jury could make its determination. (Doc. 13, Exhibit 1, TR 132) The officer stated that it was only two or three minutes later that the officers were able to speak with the owner of the bar, and there was no testimony about any further conduct by Wellman. (See Doc. 13, Exhibit 1 at pp. 131-133) Wellman suggests that he asked the court to specifically instruct the jury that it could not consider post-arrest events, but the record before this Court does not reflect any such request. The Ohio Court of Appeals did not cite any such requested instruction when addressing Wellman's jury instruction claims.

The vast majority of the officers' testimony dealt with the events that preceded Wellman's arrest. For example, Officer Boudin testified that Wellman's conduct caused a tremendous amount of confusion as to who was the owner of the bar, and who

was in charge of the premises.  Wellman interrupted the officers' conversation with the bar manager, who was "someone we would have just easily had this conversation with and issued violation notices to ...".  Boudin stated that Wellman "delayed our investigation." (TR 33)  Sgt. McCurley testified that Wellman was arrested based on "The totality of the whole circumstances that occurred.  It wasn't any particular thing that he did.  It was between the physical stepping in between us, it was screaming profanity as we were attempting to conduct our investigation and collect evidence and interview the manager." (TR 113)  While Wellman and his witnesses testified differently, the jury was entitled to accept the officers' testimony and reject Wellman's version of the events of that night.

To the extent that Wellman is alleging error in the jury instructions concerning "substantial stoppage," the Court rejects any suggestion that a failure to instruct a jury on the meaning of "substantial" rises to a constitutional level.  And given the variations among the witnesses as to the length of time between the officers first entering the bar and Wellman's arrest, any error in failing to instruct the jury on post-arrest events, even if that error was properly preserved, did not deny Wellman due process.  To the extent that Wellman is challenging the trial court's ruling permitting the officer's brief testimony about the post-arrest events, this fails to establish a constitutional

-7-

violation that deprived Wellman of a fair trial. Wellman's third objection is therefore overruled.

As required by 28 U.S.C. §636(b) and Federal Rule of Civil Procedure 72(b), the Court has conducted a de novo review of the record in this case. Upon such review, the Court finds that Wellman's objections to the Magistrate Judge's Report and Recommendation are not well taken, and his objections are therefore overruled. The Magisrate Judge's Report is adopted by this Court.

It is therefore ordered that Petitioner's petition for a writ of habeas corpus is **DENIED** with prejudice. A certificate of appealability shall not issue because jurists of reason would not find it debatable whether this Court is correct in concluding that Wellman has not established a viable claim that his constitutional rights were violated. See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

This Court **CERTIFIES**, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this Order would not be taken in good faith. Petitioner will not be granted leave to appeal in forma pauperis. See Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

    **IT IS SO ORDERED.**

DATED: November 3, 2009    s/Sandra S. Beckwith
    Sandra S. Beckwith
    Senior United States District Judge